IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BOSTIK, INC.,

    Plaintiff,

v.                                          Case No.

FEDERAL INSURANCE COMPANY and
LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendants.

**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT,
AND BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

COMES NOW Plaintiff, Bostik, Inc. ("Bostik"), by and through its legal counsel, Connon Wood Scheidemantle LLP, and, for its Complaint for Declaratory Relief, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing against Federal Insurance Company ("Federal") and Liberty Mutual Insurance Company ("Liberty Mutual"), alleges as follows:

      1.      Plaintiff Bostik is a corporation organized under the laws of the State of Delaware, with its principal place of business in Wauwatosa, Wisconsin, in Milwaukee County. Bostik was previously known at various times relevant hereto as Findley Adhesives, Inc., and as Ato Findley, Inc. Bostik is the successor in interest to a company, also named Bostik, Inc. ("Old Bostik"), that merged with the company now known as Bostik on January 1, 2001.

2. Defendant Federal is a corporation organized under the laws of the State of Indiana, with its principal place of business in Warren, New Jersey. Federal is in the business of issuing general liability and other insurance policies.

3. Defendant Liberty Mutual is a corporation organized under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts. Liberty Mutual is in the business of issuing general liability and other insurance policies. Liberty Mutual and Federal are sometimes collectively referred to as "Defendants."

4. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship. The amount in controversy exceeds $75,000 exclusive of interests and costs. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District, including the following: (a) certain insurance policies at issue in this action were issued to Bostik in this District; (b) Bostik paid premiums on such policies in this District; (c) invoices for the defense costs at issue in this coverage action were issued to Bostik in this District; (d) Bostik oversaw and managed the litigation that gave rise to the defense costs that are at issue in this District; and (e) Bostik paid the defense costs at issue from this District.

## *GENERAL ALLEGATIONS*

5. This is an insurance recovery dispute arising out of Federal's and Liberty Mutual's failure to defend Bostik against two lawsuits that triggered a duty to defend under insurance policies issued by Federal and Liberty Mutual.

### *The Policies at Issue*

6. From April 1, 1994, through April 1, 1997, Bostik had in full force and effect with Federal commercial general liability insurance policies, each bearing Policy No. 3533-09-

2

6. Federal initially issued a policy to Bostik, then known as Findley Adhesives, Inc., for the time period April 1, 1994, through June 1, 1995. Federal reissued a policy to Bostik, under the name Findley Adhesives, Inc., for the time period April 1, 1995, through April 1, 1996. Federal again reissued a policy to Bostik, then known as Ato Findley, Inc., for the time period April 1, 1996, through April 1, 1997. The aforementioned policies are referenced herein collectively as the "Federal Policies." Attached hereto as Exhibits A, B, and C are true and correct copies of the Federal Policies as issued or reissued for each respective time period. The Federal Policies impose on Federal a duty to defend Bostik against any suits seeking damages for bodily injury or property damage occurring during the period covered by the Federal Policies and otherwise covered by the Federal Policies.

7. From January 1, 1997, to July 1, 2000, Total America, Inc., the parent of Old Bostik, had in full force and effect with Liberty Mutual commercial general liability insurance policies that included Old Bostik as a named insured. Liberty Mutual initially issued a policy for the time period January 1, 1997, through January 1, 1998, bearing Policy No. RG2-691-004129-037. Liberty Mutual reissued a policy for the time period January 1, 1998, through January 1, 1999, bearing Policy No. RG2-691-004129-038, and a policy that was in effect for the time period January 1, 1999, through July 1, 2000, bearing Policy No. RG2-691-004129-039. The aforementioned policies are referenced herein collectively as the "Liberty Mutual Policies." Attached hereto as Exhibits D, E, and F are true and correct copies of the Liberty Mutual Policies as issued or reissued for each respective time period. The Liberty Mutual Policies impose on Liberty Mutual a duty to defend Bostik, as a successor-in-interest to Old Bostik, against any suits seeking damages for bodily injury or property damage occurring during the period covered by the Liberty Mutual Policies and otherwise covered by the Liberty Mutual Policies.

3

### *The Underlying Actions*

8. On March 28, 2008, the wife and children of Bryant Cook ("Cook") filed an action in the Los Angeles County Superior Court naming Bostik, Findley Adhesives, Inc. ("Findley"), and other defendants. In that action, the plaintiffs alleged that from 1986 through 2003, Cook was exposed to various toxic chemicals, including adhesives manufactured by Bostik (including at times when Bostik was known as Findley and as Ato Findley, Inc.) and by Old Bostik, and that such exposure resulted in Cook's injury and death. That action was filed after two previous actions naming Bostik and Findley, brought by different plaintiffs but asserting essentially the same claims, had been dismissed without prejudice: (1) an action filed by Cook and his wife, Danielle Cook, in the Los Angeles County Superior Court on November 28, 2005, which was dismissed pursuant to plaintiffs' request in February 2008, and (2) an action filed by Cook and Danielle Cook in the United States District Court for the Central District of California on February 28, 2006, which the court dismissed without prejudice on March 13, 2008, following plaintiffs' amendment of their complaint to add a non-diverse defendant. The three actions filed by members of the Cook family are collectively referenced as the "*Cook* Action." The *Cook* Action sought wrongful death and survival damages.

9. The *Cook* Action was actively litigated against Bostik until December 22, 2010, when the *Cook* plaintiffs accepted an offer from Bostik to waive costs in exchange for a dismissal with prejudice. On January 7, 2011, the *Cook* Action was dismissed with prejudice against Bostik without any payment to plaintiffs.

10. On February 18, 2010, Miranda DeMartino and Michael DeMartino, the children of decedent Samuel DeMartino ("DeMartino"), filed an action in the Los Angeles County Superior Court naming Bostik, Findley, and other defendants ("*DeMartino* Action"). The

*DeMartino* Action alleged that from 1981 through 1982 and 1984 through 2000, DeMartino was exposed to various toxic chemicals, including adhesives manufactured by Bostik (including at times when Bostik was known as Findley and as Ato Findley, Inc.) and by Old Bostik, allegedly resulting in DeMartino's injury and death. The *DeMartino* Action sought wrongful death and survival damages.

11. The *DeMartino* Action was actively litigated against Bostik until July 20, 2011, when plaintiffs accepted an offer from Bostik to waive costs in exchange for a dismissal with prejudice. On July 26, 2011, the *DeMartino* Action was dismissed with prejudice against Bostik without any payment to plaintiffs.

*Bostik's Tender to Defendants and Defendants' Agreement to Participate with Other Insurers in Bostik's Defense*

12. The *Cook* and *DeMartino* Actions triggered a duty to defend Bostik under each of the Federal Policies and the Liberty Mutual Policies (collectively, "Policies").

13. On or about March 1, 2010, Bostik provided notice and tendered the *Cook* Action to Federal and requested defense and indemnification coverage under the Federal Policies. Attached hereto as Exhibit G is a true and correct copy of Bostik's March 1, 2010, tender letter to Federal, including its enclosures.

14. On or about March 23, 2010, Bostik provided notice and tendered the *DeMartino* Action to Federal and requested defense and indemnification coverage under the Federal Policies. Attached hereto as Exhibit H is a true and correct copy of Bostik's March 23, 2010, tender letter to Federal, including its enclosures.

15. On or about March 29, 2010, Federal responded to Bostik's tender of the *Cook* and *DeMartino* Actions and advised that Federal would participate in the defense of Bostik in the

5

*Cook* and *DeMartino* Actions under the Federal Policies subject to a reservation of rights. Attached hereto as Exhibit I are true and correct copies of Federal's March 29, 2010, letters.

16. By letter dated April 20, 2010, Bostik requested that Federal participate in a cost-sharing arrangement with other insurance carriers whose liability policies had been triggered by the *Cook* and *DeMartino* Actions (collectively, the "Bostik Carriers"). Attached as Exhibit J is a true and correct copy of Bostik's April 20, 2010, letter. By letter dated June 30, 2010, Federal confirmed its willingness to participate in Bostik's defense and agreed to enter into a cost-sharing agreement with the other Bostik Carriers. Attached hereto as Exhibit K is a true and correct copy of Federal's June 30, 2010, letter.

17. On or about August 10, 2007, by electronic mail correspondence, a representative of Total American Services, Inc., an affiliate of Bostik's parent, provided notice and tendered the *Cook* Action to Liberty Mutual on behalf of Bostik and requested defense and indemnification coverage for Bostik under the Liberty Mutual Policies. Attached hereto as Exhibit L is a true and correct copy of that August 10, 2007, electronic mail correspondence.

18. By letter dated March 23, 2010, Bostik provided notice and tendered the *DeMartino* Action to Liberty Mutual and requested defense and indemnification coverage for Bostik under the Liberty Mutual Policies. Attached hereto as Exhibit M is a true and correct copy of Bostik's March 23, 2010, letter, including its enclosure.

19. In its March 24, 2010, letter, Bostik advised Liberty Mutual that, through February 28, 2010, Bostik had incurred defense costs in the *Cook* Action totaling $573,409, thereby meeting the $500,000 deductible under the Liberty Mutual Policies. Bostik requested that Liberty Mutual participate with the other Bostik Carriers in reimbursing Bostik for defense

6

costs incurred in defense of the *Cook* Action. Attached hereto as Exhibit N is a true and correct copy of Bostik's March 24, 2010, letter.

20. Liberty Mutual at no time disputed its duty to defend Bostik in the *Cook* Action or asserted a reservation of rights. By electronic mail correspondence dated March 30, 2010, a representative of Liberty Mutual, on behalf of Liberty Mutual, (1) acknowledged that Bostik's defense costs exceeded the $500,000 deductible under the Liberty Mutual Policies, and (2) expressed a desire to enter into a cost sharing agreement with the other Bostik Carriers to allocate defense costs. Attached hereto as Exhibit O is a true and correct copy of that March 30, 2010, electronic mail correspondence. By electronic mail correspondence dated April 12, 2010, a representative of Liberty Mutual requested copies of Bostik's invoices for defense costs from the *Cook* Action, which Bostik promptly provided. Attached hereto as Exhibit P is a true and correct copy of that April 12, 2010, electronic mail correspondence.

21. By letter dated April 21, 2010, Liberty Mutual advised Bostik that it would participate in the defense of Bostik in the *DeMartino* matter, "subject to a reservation of rights, by paying its proportionate share of reasonable and necessary defense costs in conjunction with any other insurers . . . ." Attached hereto as Exhibit Q is a true and correct copy of Liberty Mutual's April 21, 2010, letter.

### *Defendants' Failure to Participate in Bostik's Defense*

22. Bostik has paid $724,458 for defense costs in the *Cook* Action, and $130,337 for defense costs in the *DeMartino* action, for a total of $854,795 in defense costs for both actions. All defense costs incurred were reasonable and necessary.

23. As of September 2011, Bostik had submitted all defense costs invoices incurred in the *Cook* Action to Federal and Liberty Mutual. As of November 2011, Bostik had submitted all

7

defense costs invoices incurred in the *DeMartino* Action to Federal and Liberty Mutual. On information and belief, Federal and Liberty Mutual discussed a cost-sharing arrangement with the other Bostik Carriers but failed to reach agreement on such an arrangement.

24. By letter dated September 22, 2011, Bostik reiterated to Defendants and the other Bostik Carriers its request for reimbursement of its defense costs incurred in both the *Cook* and *DeMartino* Actions. Attached hereto as Exhibit R is a true and correct copy of Bostik's September 22, 2011, letter.

25. Bostik has recovered $560,000 in defense costs from the other Bostik Carriers, leaving an outstanding balance of $294,795 in total unreimbursed defense costs.

26. Despite Federal's acknowledgment of their obligation to provide a defense to Bostik in the *Cook* and *DeMartino* Actions and their agreement to participate in Bostik's defense in both actions, and despite Bostik's repeated requests for reimbursement of defense costs, Federal has wrongfully failed and refused to reimburse Bostik for any defense costs, in breach of the contractual obligations imposed by the Federal Policies.

27. Despite Liberty Mutual's acknowledgment of its obligation to provide a defense to Bostik in the *Cook* and *DeMartino* Actions and its agreement to participate in Bostik's defense in both actions, without reserving rights with regard to the *Cook* Action, and despite Bostik's repeated requests for reimbursement of defense costs, Liberty Mutual has wrongfully failed and refused to reimburse Bostik for any defense costs, in breach of the contractual obligations imposed by the Liberty Mutual Policies.

28. After substantially benefitting from a defense in the *Cook* and *DeMartino* Actions that resulted in dismissal of both actions against Bostik without any payment by Bostik to the plaintiffs, Defendants unreasonably have withheld and continue to withhold from Bostik the

benefit under their respective Policies of payment for that defense. Bostik therefore brings this action for breach of the Federal Policies and the Liberty Mutual Policies, for breach of each Defendants' duty of good faith and fair dealing arising out of its contractual relationship with Bostik, for a declaratory judgment, and for further relief as described below.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief

29. Bostik incorporates by reference herein paragraphs 1 through 28, inclusive.

30. Bostik requests a declaration of the rights, obligations, status and other legal relations arising out of the Federal Policies and the Liberty Mutual Policies, with respect to Bostik, on one hand, and Federal and Liberty Mutual, on the other hand. Bostik specifically seeks an order declaring as follows:

   a. Each of the Federal Policies obligates Federal to provide a defense to Bostik in the *Cook* and *DeMartino* Actions.

   b. Federal has breached its duty under the Federal Policies to defend Bostik against the *Cook* and *DeMartino* Actions.

   c. Each of the Liberty Mutual Policies obligates Liberty Mutual to provide a defense to Bostik in the *Cook* and *DeMartino* Actions.

   d. Liberty Mutual has breached its duty under the Liberty Mutual Policies to defend Bostik against the *Cook* and *DeMartino* Actions.

   e. The rates paid by Bostik for defense of the *Cook* and *DeMartino* Actions were reasonable, and all defense costs incurred by Bostik in defending the *Cook* and *DeMartino* Actions were reasonable and necessary.

9

  f. Federal and Liberty Mutual are jointly and severally required to cover the entire $294,795 of outstanding and unreimbursed defense costs Bostik has incurred in the *Cook* and *DeMartino* Actions.

  g. Federal and Liberty Mutual are jointly and severally required to pay Bostik's costs and attorneys' fees incurred in pursuing this declaratory judgment.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

31. Bostik incorporates by reference herein paragraphs 1 through 30, inclusive.

32. By failing to participate in Bostik's defense and reimburse Bostik's defense costs as required by their respective Policies, Federal and Liberty Mutual breached their duties under their respective Policies to defend Bostik against the *Cook* and *DeMartino* Actions.

33. Bostik performed all of its obligations under each of the Federal Policies and the Liberty Mutual Policies except for those obligations that were excused by Federal's or Liberty Mutual's breaches.

34. As a direct and proximate result of Federal's and Liberty Mutual's breaches of their contractual obligations to Bostik, Bostik has suffered damages that include, without limitation, the entire amount of outstanding unreimbursed defense costs Bostik has incurred in the *Cook* and *DeMartino* Actions, in the amount of $294,795, plus interest. Pursuant to Wis. Stat. § 628.46, Bostik is entitled to statutory interest at the rate of 12% per annum on the amount due on each defense costs invoice accruing from 30 days after Defendants' receipt of each invoice.

## THIRD CLAIM FOR RELIEF

### Breach of Duty of Good Faith and Fair Dealing

35. Bostik incorporates by reference herein paragraphs 1 through 34, inclusive.

36. By failing to participate in Bostik's defense and reimburse Bostik's defense costs in the *Cook* and *DeMartino* Actions, as required by their respective Policies, Federal and Liberty Mutual have, without reasonable basis, denied Bostik the benefits of their respective Policies. Upon information and belief, each of Federal and Liberty Mutual has acted with knowledge or reckless disregard for the lack of a reasonable basis for denying coverage to Bostik. In so doing, each of Federal and Liberty Mutual has violated its special duty of good faith and fair dealing arising out of its contractual relationship with Bostik.

37. In engaging in the conduct described above, each of Federal and Liberty Mutual has acted with special ill-will, with wanton disregard of their duties, and/or in a gross or outrageous manner. For that reason, Bostik seeks an award of punitive damages as a means of punishing such conduct and deterring its repetition.

WHEREFORE, Plaintiff Bostik demands judgment against Federal and Liberty Mutual as follows:

A. An order declaring that:

1. Each of the Federal Policies obligates Federal to provide a defense to Bostik in the *Cook* and *DeMartino* Actions.

2. Federal has breached its duty under the Federal Policies to defend Bostik against the *Cook* and *DeMartino* Actions.

3. Each of the Liberty Mutual Policies obligates Liberty Mutual to provide a defense to Bostik in the *Cook* and *DeMartino* Actions.

4. Liberty Mutual has breached its duty under the Liberty Mutual Policies to defend Bostik against the *Cook* and *DeMartino* Actions.

5. The rates paid by Bostik for defense of the *Cook* and *DeMartino* Actions were reasonable, and all defense costs incurred by Bostik in defending the *Cook* and *DeMartino* Actions were reasonable and necessary.

6. Federal and Liberty Mutual are jointly and severally required to cover the entire $294,795 of outstanding and unreimbursed defense costs Bostik has incurred in the *Cook* and *DeMartino* Actions.

7. Federal and Liberty Mutual are jointly and severally required to pay Bostik's costs and attorneys' fees incurred in pursuing this declaratory judgment.

B. $294,795 in costs and attorneys' fees incurred by Bostik in defending against the *Cook* and *DeMartino* Actions.

C. Interest at the rate of 12% per annum pursuant to Wis. Stat. § 628.46.

D. All costs and attorneys' fees incurred by Bostik in pursuing this action for declaratory relief.

E. All other damages flowing from Federal's and Liberty Mutual's breaches of their respective Policies.

F. All other damages proximately caused by Federal's and Liberty Mutual's breaches of their duties of good faith and fair dealing under their respective Policies.

G. Punitive or exemplary damages.

H. Such other and further relief as deemed just and equitable by the Court.

Dated: July 29, 2013

> Respectfully submitted,
>
> David R. Scheidemantle
> CONNON WOOD SCHEIDEMANTLE LLP
> 35 East Union Street, Suite C
> Pasadena, California 91103
> Telephone: (626) 638-1752
> Facsimile: (626) 792-9304
> Email: dscheidemantle@connonwood.com
>
> BY: /s/ David R. Scheidemantle
> DAVID R. SCHEIDEMANTLE
>
> Attorneys for Plaintiff BOSTIK, INC.